**CITY OF LANCASTER, Texas; City of Dallas, Texas; City of Wilmer, Texas; Groups Allied to Stop Pollution (GASP); John F. Wilson, Sr.; Marcellene S. Wilson; John F. Wilson, Jr.; David S. Wilson; and Ferris Memorial Park, Inc., Appellants,**

v.

**TEXAS NATURAL RESOURCE CONSERVATION COMMISSION and Waste Management of Texas, Inc., Appellees.**

No. 03–96–00514–CV.

Court of Appeals of Texas, Austin.

Dec. 5, 1996.

Rehearing Overruled Jan. 9, 1997.

Robert E. Hager, Nichols, Jackson, Dillard, Hager & Smith, L.L.P., Ron Stutes, Assistant City Attorney, Dallas, James B. Blackburn, Jr., Blackburn & Carter, Houston, for Appellants.

Andrew S. Miller, Assistant Attorney General, Natural Resources Division, Brent W. Ryan, McElroy & Sullivan, L.L.P., Austin, for Appellees.

Before POWERS, ABOUSSIE and JONES, JJ.

PER CURIAM.

Appellants City of Lancaster, Texas, City of Dallas, Texas, City of Wilmer, Texas, Groups Allied to Stop Pollution (GASP), John F. Wilson, Sr., Marcellene S. Wilson, John F. Wilson, Jr., David S. Wilson, and Ferris Memorial Park, Inc. (the Cities) move this Court to extend the time to perfect their appeal. Appellee Waste Management of Texas, Inc., moves to dismiss the Cities' appeal.

The Cities sued appellee Texas Natural Resource Conservation Commission for judicial review of the Commission's order granting an application to amend a solid waste permit. Waste Management, which had sought and obtained the permit amendment, intervened in support of the Commission's order. Following a hearing, the trial court rendered judgment affirming the Commission's order.

Within twenty days after the trial court signed its judgment, the Cities requested the court to file findings of fact and conclusions of law. *See* Tex.R.Civ.P. 296. The City of Lancaster and the City of Dallas filed a notice of appeal ninety-two days after the judgment was signed, and the remaining appellants filed a notice of appeal six days later. Believing that their perfecting instruments were due ninety days after the judgment was signed, the Cities, on the ninety-eighth and ninety-ninth days, filed motions in this Court to extend the time to perfect their appeal. *See* Tex.R.App.P. 41(a)(2) (appellant must move for extension of time to perfect appeal within fifteen days after perfecting instrument is due).

■ Whether the Cities timely moved for an extension of time to perfect appeal depends on whether their request for findings invoked the extended appellate timetable. The normal thirty days to perfect an appeal following the signing of a judgment is extended to ninety days "if any party has timely filed a request for findings of fact and conclusions of law in a case tried without a jury." Tex.R.App.P. 41(a)(1). If the trial court receives no evidence, it cannot be called on to determine questions of fact, and a request for fact findings is inappropriate. *Lusk v. Service Lloyds Ins. Co.*, 922 S.W.2d 647, 649 (Tex.App.—Austin 1996, writ requested); *Chavez v. Housing Auth. of El Paso*, 897 S.W.2d 523, 525 (Tex.App.—El Paso 1995, writ denied). Thus, when it is clear from the record that the trial court's judgment is not based upon evidence heard by the trial judge, a request for findings of fact will not extend the appellate timetable. *Lusk*, 922 S.W.2d at 649.

■ The trial court recites in its judgment that it determined to affirm the Commission's order after reviewing the pleadings, the administrative record, briefs, and arguments of counsel.[1] The nature of the trial court's determination may be discerned by consulting the statutes governing this cause of action. The legislature conferred jurisdiction on the trial court to review the Commission's action in section 361.321(a) of the Solid Waste Disposal Act. Tex.Health & Safety

---

1. Although the administrative record has been transmitted to this Court, we have not received a statement of facts and the transcript does not show that the administrative record was admitted in evidence. *See Nueces Canyon Consol. Indep. Sch. Dist. v. Central Educ. Agency*, 917 S.W.2d 773, 776 (Tex.1996) (to be included in the record on appeal, the administrative record must have been admitted in evidence before the trial court); *Texas Health Enters., Inc. v. Texas Dep't of Health*, 925 S.W.2d 750, 755 (Tex.App.—Austin 1996, writ requested). Because we are not considering whether the trial court properly considered the administrative record, we will be guided by the court's recital that it reviewed the record.

Code § 361.321(a) (West Supp.1997).[2] Because the legislature did not, in section 361.321(a), define the scope of judicial review, the court was required to review the Commission's order under the substantial-evidence rule. Tex.Gov't Code Ann. § 2001.174 (West Supp.1997). Under this rule, the court's review is delimited to specified questions of law. *See id.* § 2001.174(2)(A)–(E).

The legislature has also prescribed the procedures that apply to suits for judicial review under the substantial-evidence rule. *Id.* § 2001.175. Of significance here, the reviewing court is forbidden to receive evidence, except in exceptional, specified circumstances, and it must decide the questions of law at issue exclusively from the agency record. *Id.* § 2001.175(c)–(e). The agency record was not actual evidence and the trial court did not infer facts from it in rendering judgment. *See Black's Law Dictionary* 555 (6th ed.1990) (defining "evidence" as items presented to prove the existence or nonexistence of a fact). We conclude that, because the court's review of the agency record did not entail receiving evidence, the request for findings did not extend the appellate timetable.

 In arguing that the request for findings extended the timetable, the Cities point to their claim that procedural irregularities occurred at the Commission. *See* Tex.Gov't Code Ann. § 2001.175(e) (West Supp.1997). The Cities have failed to tender a statement of facts to this Court. This failure precludes the Cities from showing that they presented evidence of procedural irregularities to the trial court. As we have noted, the trial court did not recite in its judgment that it considered evidence before rendering judgment.

Because the regular appellate timetable applies, the Cities' motions to extend time to perfect the appeal are untimely. This Court lacks authority to consider an untimely extension motion to perfect the appeal. *Fite v. Johnson,* 654 S.W.2d 51, 52 (Tex.App.—Dallas 1983, no writ). *See B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860, 862

(Tex.1982). In the absence of a timely extension motion, the Cities' perfecting instruments are likewise untimely. This Court therefore lacks jurisdiction over the appeal. *Davies v. Massey,* 561 S.W.2d 799, 800–01 (Tex.1978).

We dismiss the original and first amended extension motion to perfect appeal filed by the City of Dallas, Texas, the City of Lancaster, Texas, and the City of Wilmer, Texas. We overrule the second amended extension motion filed by these appellants. We also overrule the extension motion to perfect appeal filed by the City of Wilmer, Texas, Groups Allied to Stop Pollution (GASP), John F. Wilson, Sr., Marcellene S. Wilson, John F. Wilson, Jr., David S. Wilson, and Ferris Memorial Park, Inc. We grant Waste Management's motion to dismiss and dismiss the appeal for want of jurisdiction. Tex. R.App.P. 60(a)(1).

---

**2.** The 1995 amendment to section 361.321(a), which took effect after the Cities filed suit, is