TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00496-CV






Texas Home Management, Inc. d/b/a 634 Bacon, Appellant



v.



Texas Department of Mental Health and Mental Retardation, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 96-01785, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING 






PER CURIAM


 Texas Home Management, Inc. d/b/a 634 Bacon, seeks to appeal the trial court's
judgment in its suit against appellee Texas Department of Mental Health and Mental Retardation. 
We will dismiss the appeal for want of jurisdiction.

 Texas Home, an intermediate care facility for persons who are mentally retarded,
sued the Department for judicial review of its order terminating Texas Home's Medicaid contract. 
See Tex. Gov't Code Ann. § 2001.171 (West 1997). Texas Home also sought a declaratory
judgment as to the validity and applicability of an administrative rule. See id. § 2001.038. The
trial court rendered a judgment denying Texas Home relief. Within twenty days after the trial
court signed its judgment, Texas Home requested the court to make findings of fact and
conclusions of law. See Tex. R. Civ. P. 296. Texas Home filed a cost bond ninety days after
the judgment was signed.

 Texas Home's bond was timely only if its request for findings extended the time
to perfect appeal from thirty to ninety days. See Tex. R. App. P. 26.1. (1) A request for findings
invokes the extended timetable if findings either are required by the Rules of Civil Procedure or,
if not required, could properly be considered by the appellate court. Id. 26.1(a)(4); IKB Indus.
v. Pro-Line Corp., 938 S.W.2d 440, 443 (Tex. 1997); Awde v. Dabeit, 938 S.W.2d 31, 33 (Tex.
1997). We first consider how Rule 26.1(a)(4) applies to Texas Home's suit for judicial review.

 The trial court reviewed the Department's order in this case under the substantial-evidence rule. Tex. Hum. Res. Code Ann. § 32.034(a) (West Supp.1998); (2) Tex. Gov't Code
Ann. §§ 2001.172, .174 (West 1997); 25 Tex. Admin. Code § 403.461 (1997). The court recited
in its judgment that it determined to affirm the Department's order after considering the
administrative record, pleadings and briefs on file, and arguments of counsel. The reporter's
record of the proceeding shows that the court admitted in "evidence" the administrative record,
following which counsel presented argument. The trial court then orally rendered judgment. This
Court has previously determined that, in a suit for judicial review under the substantial-evidence
rule, the court's review does not entail receiving evidence and is confined to specified questions
of law. City of Lancaster v. Texas Natural Resources Conservation Comm'n, 935 S.W.2d 226,
228 (Tex. App.--Austin 1997, writ denied). Because a court reviewing an agency order under the
substantial-evidence rule does not function as a fact-finder, a request for findings is inappropriate
and does not extend the appellate timetable. Id.

 We next consider Texas Home's action for a declaratory judgment concerning the
validity and applicability of the Department's "Three-Strike Rule." See Tex. Admin. Code
§ 406.62(b)(3) (1997). Generally, a court determining the applicability of a legal rule or principle
resolves a question of law. Republican Party v. Dietz, 940 S.W.2d 86, 91 (Tex. 1997);
Wisenbarger v. Gonzales Warm Springs Rehabilitation Hosp., Inc., 789 S.W.2d 688, 691 (Tex.
App.--Corpus Christi 1990, writ denied). While fact questions regarding the circumstances in
which the question arose must be resolved by the fact-finder, the ultimate determination on
applicability is a question of law. Dietz, 940 S.W.2d at 91. Similarly, determining whether a rule
is valid requires the court to engage in a legal, rather than factual, analysis. See, e.g., Texas
Home Management, Inc. v. Texas Dep't of Mental Health & Mental Retardation, 953 S.W.2d 1,
3-4 (Tex. App.--Austin 1997, pet. filed); Texas Health Care Ass'n v. Health & Human Servs.
Comm'n, 949 S.W.2d 544, 546-48 (Tex. App.--Austin 1997, no writ). In any event, the parties
here presented no evidence to the trial court from which it could make a factual determination. 
A request for findings does not extend the time to perfect the appeal of a judgment rendered
without an evidentiary hearing. IKB, 938 S.W.2d at 443.

 We conclude that Texas Home's request for findings did not invoke the extended
timetable regarding either its petition for judicial review or its action for declaratory judgment.
Because its cost bond was untimely, this Court acquired no jurisdiction over the appeal. Davies
v. Massey, 561 S.W.2d 799, 800-01 (Tex. 1978). We therefore dismiss the appeal for want of
jurisdiction.


Before Chief Justice Carroll, Justices Jones and Kidd

Dismissed for Want of Jurisdiction

Filed: January 29, 1998

Do Not Publish
1. Texas Home filed its cost bond before the 1997 amendments to the Texas Rules of Appellate
Procedure took effect. Former Rule 41(a)(1), then in effect, allowed ninety days to perfect appeal
if any party timely filed a request for findings of fact and conclusions of law "in a case tried
without a jury." Former Tex. R. App. P. 41(a)(1). The supreme court interpreted Former Rule
41 to mean that a request for findings extends the timetable when findings are required by Rule
of Civil Procedure 296, or when they are not required by Rule 296 but are not without
purpose--that is, they could properly be considered by the appellate court. IKB Indus. v. Pro-Line
Corp., 938 S.W.2d 440, 443 (Tex. 1997); Awde v. Dabeit, 938 S.W.2d 31, 33 (Tex. 1997). The
successor to Rule 41(a)(1), Rule 26.1(a)(4), incorporates the holdings of IKB and Awde almost
verbatim. See Tex. R. App. P. 26.1(a)(4). Because the substance of Former Rule 41(a)(1) is
unchanged by Rule 26.1(a)(4), we will refer to the current rules of appellate procedure.
2. The amendment to section 32.034(a) that took effect September 1, 1997, is immaterial to our
decision.



 Dabeit, 938 S.W.2d 31, 33 (Tex.
1997). We first consider how Rule 26.1(a)(4) applies to Texas Home's suit for judicial review.

 The trial court reviewed the Department's order in this case under the substantial-evidence rule. Tex. Hum. Res. Code Ann. § 32.034(a) (West Supp.1998); (2) Tex. Gov't Code
Ann. §§ 2001.172, .174 (West 1997); 25 Tex. Admin. Code § 403.461 (1997). The court recited
in its judgment that it determined to affirm the Department's order after considering the
administrative record, pleadings and briefs on file, and arguments of counsel. The reporter's
record of the proceeding shows that the court admitted in "evidence" the administrative record,
following which counsel presented argument. The trial court then orally rendered judgment. This
Court has previously determined that, in a suit for judicial review under the substantial-evidence
rule, the court's review does not entail receiving evidence and is confined to specified questions
of law. City of Lancaster v. Texas Natural Resources Conservation Comm'n, 935 S.W.2d 226,
228 (Tex. App.--Austin 1997, writ denied). Because a court reviewing an agency order under the
substantial-evidence rule does not function as a fact-finder, a request for findings is inappropriate
and does not extend the appellate timetable. Id.

 We next consider Texas Home's action for a declaratory judgment concerning the
validity and applicability of the Department's "Three-Strike Rule." See Tex. Admin. Code
§ 406.62(b)(3) (1997). Generally, a court determining the applicability of a legal rule or principle
resolves a question of law. Republican Party v. Dietz, 940 S.W.2d 86, 91 (Tex. 1997);
Wisenbarger v. Gonzales Warm Springs Rehabilitation Hosp., Inc., 789 S.W.2d 688, 691 (Tex.
App.--Corpus Christi 1990,