# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00254-CV

**William G. Patterson, D.D.S., Appellant**

**v.**

**State Board of Dental Examiners, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. GN001741, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

Appellant William G. Patterson, D.D.S. seeks to appeal the district court=s judgment in his suit against appellee State Board of Dental Examiners (the ABoard@). The Board moves to dismiss the appeal. We will dismiss the Board=s motion and dismiss the appeal for want of jurisdiction.

Patterson sued the Board for judicial review of the Board=s order revoking his license to practice dentistry. The district court rendered judgment on December 3, 2001 affirming the Board=s order. Patterson, however, did not receive actual notice of the final judgment until January 3, 2002. Accordingly, the district court signed an agreed order reflecting January 3, 2002 as the date Patterson received actual notice of the judgment and the date from which the appellate timetables began to run. *See* Tex. R. App. P. 4.2(a)(1), (c); Tex. R. Civ. P. 306a(4), (5).

Within twenty days after Patterson received notice of the judgment, he requested the court

to file findings of fact and conclusions of law.[1]  *See* Tex. R. Civ. P. 296.  The district court submitted a letter

ruling denying Patterson=s request for findings of fact and conclusions of law and explaining that Areview of

an administrative appeal under the substantial evidence rule makes findings of fact and conclusions of law

unnecessary[,]@ A[n]o evidence exists from which [she] could find facts, and there is no occasion to give any

---

[1]  In its motion to dismiss, the Board alleges that Patterson=s request for findings of fact and conclusions of law was untimely because it was not filed until January 28, 2002, more than twenty days after Patterson received actual notice of the judgment.  In his certificate of service, however, Patterson certifies that he mailed his request on January 23, the deadline for filing such a request.  *See* Tex. R. Civ. P. 5.  The district court denied the request for findings and conclusions.  Because we are dismissing this appeal on other grounds, we need not determine the timeliness of Patterson=s request for findings of fact and conclusions of law.  *See* Tex. R. App. P. 47.1.

fact findings legal effect through conclusions of law.@ Believing that his deadline to perfect an appeal had been extended, Patterson filed his notice of appeal more than thirty days after the judgment was signed.[2]

Patterson=s notice of appeal could be considered timely only if his request for findings of fact and conclusions of law extended the time to perfect his appeal from thirty to ninety days. A request for findings and conclusions invokes the extended appellate timetable Aif findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court.@ Tex. R. App. P. 26.1(a)(4).

---

[2] The Board argues in its motion to dismiss that even if Patterson=s request for findings of fact and conclusions of law did extend the appellate timetable, his notice of appeal was nevertheless untimely. If Patterson=s request for findings and conclusions extended the appellate timetable, his notice of appeal would have been due April 3, ninety days after he received actual notice of the judgment. *See* Tex. R. App. P. 26.1(a)(4). His notice of appeal was filed on April 22, but Patterson certifies that he mailed it on April 17, fourteen days after the deadline to file the notice. *See* Tex. R. Civ. P. 5. In his response to the Board=s motion to dismiss, Patterson urges this Court to consider the late notice of appeal as an implied motion for extension of time to file a notice of appeal, and because the notice of appeal was filed in good faith within fifteen days of the deadline, Patterson requests that we grant the implied motion for extension of time and consider his notice of appeal timely filed. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because we are dismissing this appeal on other grounds, we need not determine the timeliness of Patterson=s notice of appeal nor consider his implied motion to extend time. *See* Tex. R. App. P. 47.1.

The district court reviewed the Board=s order under the substantial-evidence rule. *See* Tex. Occ. Code Ann. ' 263.009 (West 2002) (person aggrieved by decision of Board is entitled to appeal under chapter 2001 of government code); Tex. Gov=t Code Ann. ' ' 2001.172, .174 (West 2000); *City of Lancaster v. Texas Natural Resource Conservation Comm=n*, 935 S.W.2d 226, 227-28 (Tex. App.CAustin 1997, writ denied) (where statute conferring jurisdiction for judicial review on district court does not define scope of review, court must apply substantial-evidence rule). In *City of Lancaster v. Texas Natural Resource Conservation Commission*, this Court held that in a suit for judicial review under the substantial-evidence rule, the district court=s review does not entail receiving evidence and is confined to questions of law. *City of Lancaster*, 935 S.W.2d at 228. In her judgment, the district court recited that she determined to affirm the Board=s order after considering the pleadings, briefs, administrative record, and arguments of counsel. Because the district court reviewed the Board=s order under the substantial-evidence rule and therefore did not function as a factfinder, a request for findings and conclusions is inappropriate and will not extend the appellate timetable. *Id.*

Patterson argues in his response to the motion to dismiss that because he also challenged the Board=s subject-matter jurisdiction, asserted constitutional and statutory violations, and claimed the Board followed unlawful procedures, findings of fact and conclusions of law were appropriate and should have been filed. Even if Patterson presented such questions of law to the district court, however, the parties in this case presented no evidence from which the district court could make a factual determination. A request for findings and conclusions does not extend the time to perfect appeal of a judgment rendered without an evidentiary hearing. *IKB Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997).

4

Having concluded that Patterson=s request for findings of fact and conclusions of law did not extend the appellate timetable, his notice of appeal was untimely, and this Court acquired no jurisdiction over the appeal. *See Davies v. Massey*, 561 S.W.2d 799, 800-01 (Tex. 1978). We therefore dismiss the Board=s motion and dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed: May 31, 2002

Do Not Publish

5