TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00254-CV







William G. Patterson, D.D.S., Appellant


v.


State Board of Dental Examiners, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. GN001741, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING




 Appellant William G. Patterson, D.D.S. seeks to appeal the district court's judgment
in his suit against appellee State Board of Dental Examiners (the "Board"). The Board moves to
dismiss the appeal. We will dismiss the Board's motion and dismiss the appeal for want of
jurisdiction. 

 Patterson sued the Board for judicial review of the Board's order revoking his license
to practice dentistry. The district court rendered judgment on December 3, 2001 affirming the
Board's order. Patterson, however, did not receive actual notice of the final judgment until January
3, 2002. Accordingly, the district court signed an agreed order reflecting January 3, 2002 as the date
Patterson received actual notice of the judgment and the date from which the appellate timetables
began to run. See Tex. R. App. P. 4.2(a)(1), (c); Tex. R. Civ. P. 306a(4), (5).

 Within twenty days after Patterson received notice of the judgment, he requested the
court to file findings of fact and conclusions of law. (1) See Tex. R. Civ. P. 296. The district court
submitted a letter ruling denying Patterson's request for findings of fact and conclusions of law and
explaining that "review of an administrative appeal under the substantial evidence rule makes
findings of fact and conclusions of law unnecessary[,]" "[n]o evidence exists from which [she] could
find facts, and there is no occasion to give any fact findings legal effect through conclusions of law." 
Believing that his deadline to perfect an appeal had been extended, Patterson filed his notice of
appeal more than thirty days after the judgment was signed. (2) 

 Patterson's notice of appeal could be considered timely only if his request for findings
of fact and conclusions of law extended the time to perfect his appeal from thirty to ninety days. A
request for findings and conclusions invokes the extended appellate timetable "if findings and
conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be
considered by the appellate court." Tex. R. App. P. 26.1(a)(4).

 The district court reviewed the Board's order under the substantial-evidence rule. See
Tex. Occ. Code Ann. § 263.009 (West 2002) (person aggrieved by decision of Board is entitled to
appeal under chapter 2001 of government code); Tex. Gov't Code Ann. §§ 2001.172, .174 (West
2000); City of Lancaster v. Texas Natural Resource Conservation Comm'n, 935 S.W.2d 226, 227-28
(Tex. App.--Austin 1997, writ denied) (where statute conferring jurisdiction for judicial review on
district court does not define scope of review, court must apply substantial-evidence rule). In City
of Lancaster v. Texas Natural Resource Conservation Commission, this Court held that in a suit for
judicial review under the substantial-evidence rule, the district court's review does not entail
receiving evidence and is confined to questions of law. City of Lancaster, 935 S.W.2d at 228. In
her judgment, the district court recited that she determined to affirm the Board's order after
considering the pleadings, briefs, administrative record, and arguments of counsel. Because the
district court reviewed the Board's order under the substantial-evidence rule and therefore did not
function as a factfinder, a request for findings and conclusions is inappropriate and will not extend
the appellate timetable. Id.

 Patterson argues in his response to the motion to dismiss that because he also
challenged the Board's subject-matter jurisdiction, asserted constitutional and statutory violations,
and claimed the Board followed unlawful procedures, findings of fact and conclusions of law were
appropriate and should have been filed. Even if Patterson presented such questions of law to the
district court, however, the parties in this case presented no evidence from which the district court
could make a factual determination. A request for findings and conclusions does not extend the time
to perfect appeal of a judgment rendered without an evidentiary hearing. IKB Indus. v. Pro-Line
Corp., 938 S.W.2d 440, 443 (Tex. 1997).

 Having concluded that Patterson's request for findings of fact and conclusions of law
did not extend the appellate timetable, his notice of appeal was untimely, and this Court acquired no
jurisdiction over the appeal. See Davies v. Massey, 561 S.W.2d 799, 800-01 (Tex. 1978). We
therefore dismiss the Board's motion and dismiss the appeal for want of jurisdiction. See Tex. R.
App. P. 42.3(a).



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed: May 31, 2002

Do Not Publish

1. In its motion to dismiss, the Board alleges that Patterson's request for findings of fact and
conclusions of law was untimely because it was not filed until January 28, 2002, more than twenty
days after Patterson received actual notice of the judgment. In his certificate of service, however,
Patterson certifies that he mailed his request on January 23, the deadline for filing such a request. 
See Tex. R. Civ. P. 5. The district court denied the request for findings and conclusions. Because
we are dismissing this appeal on other grounds, we need not determine the timeliness of Patterson's
request for findings of fact and conclusions of law. See Tex. R. App. P. 47.1.
2. The Board argues in its motion to dismiss that even if Patterson's request for findings of
fact and conclusions of law did extend the appellate timetable, his notice of appeal was nevertheless
untimely. If Patterson's request for findings and conclusions extended the appellate timetable, his
notice of appeal would have been due April 3, ninety days after he received actual notice of the
judgment. See Tex. R. App. P. 26.1(a)(4). His notice of appeal was filed on April 22, but Patterson
certifies that he mailed it on April 17, fourteen days after the deadline to file the notice. See Tex.
R. Civ. P. 5. In his response to the Board's motion to dismiss, Patterson urges this Court to consider
the late notice of appeal as an implied motion for extension of time to file a notice of appeal, and
because the notice of appeal was filed in good faith within fifteen days of the deadline, Patterson
requests that we grant the implied motion for extension of time and consider his notice of appeal
timely filed. See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). Because we are dismissing
this appeal on other grounds, we need not determine the timeliness of Patterson's notice of appeal
nor consider his implied motion to extend time. See Tex. R. App. P. 47.1.