

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00034-CV

_____

DIANE CUMMINGS AND EVERETT CUMMINGS, Appellants

V.

HEIDI BILLMAN, CAROLE BILLMAN, AND BRADLEY BILLMAN, Appellees

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 18-1841-431

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Opinion and Order by Chief Justice Sudderth

## OPINION AND ORDER

### I. Introduction

This is an issue of first impression that arises under facts unique to the electronic filing system that was established to comply with the Texas Supreme Court's Order Requiring Electronic Filing in Certain Courts, an order that mandates electronic filing of documents in all civil cases filed in district courts in Texas. *See* Supreme Court of Tex., Order Requiring Electronic Filing in Certain Courts, Misc. Docket No. 12-9206 (Tex. Dec. 11, 2012). We are asked to decide whether the timely transmittal of a motion to reinstate that is subsequently canceled by the sender before the clerk "files" it is sufficient to extend the appellate deadline for filing a notice of appeal under Texas Rule of Appellate Procedure 26.1(a).

We hold that even if the cancellation of the efiling transaction worked to withdraw the motion to reinstate for purposes of extending the trial court's plenary power, it did not affect the extension of the appellate deadline that the transmittal of the motion initially triggered. Consequently, the notice of appeal of Appellants Diane and Everett Cummings was due on January 9, 2020, and we may extend that deadline because they provided a reasonable explanation for failing to file it by the January 9 due date in their motion for an extension of time to file their notice of appeal. *See* Tex. R. App. P. 10.5(b), 26.3 (providing for up to a 15-day extension of time to file a notice of appeal). We grant their motion, order the notice of appeal timely filed, and continue the appeal.

2

## II. Background

On November 11, 2019, thirty-one days after the trial court signed a final order dismissing this case for want of prosecution, Appellants timely submitted their motion to reinstate the case through eFileTexas.gov, the official electronic filing system for Texas courts.[1] *See* Tex. R. Civ. P. 165a. According to the electronic filing records, however, three days after the motion was filed, the filing was "canceled" by Appellants' trial counsel. In the interim, the Denton County District Clerk never officially "filed" the motion to reinstate.

Appellants electronically filed a second motion to reinstate on December 4, which was marked as "filed" by the district clerk at 4:04 p.m. that same day.[2] On January 22, 2020, the 103rd day after the final order was signed, Appellants filed their notice of appeal.

---

[1]Although a motion to reinstate ordinarily must be filed within 30 days of the final order to be considered timely, Appellants' motion was timely submitted on the 31st day because the 30th day fell on Veteran's Day, a state holiday. *See* Tex. R. Civ. P. 4 (providing that if the due date falls on a Saturday, Sunday, or legal holiday, the due date is extended to "the end of the next day which is not a Saturday, Sunday, or legal holiday").

[2]Because the document transmitted on November 11 was never filed by the district clerk, we have no record of its contents. However, Appellants contend—and for purposes of this appeal we accept as true—that the motion transmitted on November 11, 2019, was "the same, identical motion" as the one filed on December 4, 2019.

### III. Discussion

A timely-filed notice of appeal is required in order to invoke the appellate court's jurisdiction. Tex. R. App. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Nat'l Transmission v. Boltz*, No. 02-09-00378-CV, 2009 WL 5064578, at *1 (Tex. App.—Fort Worth Dec. 23, 2009, no pet.) (per curiam) (mem. op.) (stating that the deadline to file a notice of appeal is "mandatory and jurisdictional"). There is no question that Appellants' original November 11 motion to reinstate was transmitted timely. *See* Tex. R. App. P. 26.1(a)(3). The question we must answer is what effect, if any, the *cancellation* of the November 11 efiling transaction has on the calculation of appellate deadlines.

Appellants argue that the motion to reinstate transmitted on November 11 operated to extend the due date for their notice of appeal to 90 days from the date the final order was signed. *See id.* (providing that a notice of appeal is due "within 90 days after the judgment is signed if any party timely files . . . a motion to reinstate"). If Appellants' contention is correct, then their notice of appeal was due on January 9, 2020, a deadline that could be extended to January 24 upon a reasonable explanation for its tardiness. *See* Tex. R. App. P. 10.5(b)(2), 26.3; *Verburgt*, 959 S.W.2d at 617. But if Appellants are mistaken, and the November 11 motion did not extend the due date for their notice of appeal, then their notice of appeal was due on November 11, a deadline that could not be extended beyond November 26. *See City of Lancaster v. Tex.*

4

*Nat. Res. Conservation Comm'n*, 935 S.W.2d 226, 228 (Tex. App.—Austin 1996, writ denied).

Citing *Jamar v. Patterson* to support their contention that the time to file the notice of appeal was extended, Appellants argue that on November 11, when they transmitted the motion to reinstate to eFileTexas, the motion was deemed filed on that day regardless of whether the district clerk stamped it as filed or not. 868 S.W.2d 318, 319 (Tex. 1993) (holding that "the date of filing is when the document is first tendered to the clerk"). *Jamar*, having been decided long before electronic filing was envisioned, is not squarely on point with the facts here, although the underlying rationale expressed in the cases it cites is instructive as to the supreme court's policy that continues today "to construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule." *Id.* More instructive, however, is Texas Rule of Civil Procedure 21(f)(5), which provides that "[a]n electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider." Tex. R. Civ. P. 21(f)(5).

Rule 21(f)(5) is the electronic equivalent of the mailbox rule—that a document is considered filed when it is deposited into an official United States Postal Service mailbox, not when the clerk receives it in the mail[3]—that used to apply to attorneys

---

[3]Using the mailbox rule, a document is considered timely filed if: (1) it is mailed to the clerk on or before the last day it is due, and (2) it arrives at the clerk's

5

when they filed documents in the old-fashioned way and still applies to pro se parties who are exempt from the current electronic filing mandate. Rule 21(f)(5) provides that "[a]n electronically filed document is deemed filed when *transmitted* to the filing party's electronic filing service provider." *Id.* (emphasis added). Similar to the mailbox rule, Rule 21(f)(5) provides that at the moment when Appellants' counsel transmitted the motion to reinstate through eFileTexas, that document was "deemed filed." *Id.* Unlike the mailbox rule, Rule 21(f)(5) has no requirement that the clerk actually receive the document within any particular period of time. *See id.* And, under the eFileTexas system, when a transaction is canceled prior to the clerk's acceptance and official filing of a document, the document will be removed from the clerk's intake portal. To analogize with the mailbox rule, the canceling of an electronic transaction is the equivalent of a party reaching into the inbox on a clerk's desk and retrieving an envelope that the clerk has received in the mail but has not yet processed.[4]

---

office within ten days. *See* Tex. R. Civ. P. 5. The document must be sent by first-class mail in a properly addressed and stamped envelope, and the envelope must bear a United States Postal Service postmark, which is prima facie evidence of the date of mailing, or, barring that, an uncontroverted affidavit may be provided to establish the date of the mailing. *Id.*; *Lofton v. Allstate Ins. Co.*, 895 S.W.2d 693, 693–94 (Tex. 1995) (per curiam).

[4]Although such practice would be unheard of in the context of hard copies and the mailbox rule, the eFileTexas system allows for this. And such a provision makes sense. In the instantaneous, click-of-a-button electronic filing world, it is all too easy to accidentally transmit the wrong file. When such an accident occurs, a filer should be afforded a limited opportunity to snap back the erroneously transmitted document

Here, Appellants' motion to reinstate was canceled three days after the document was transmitted and prior to the district clerk's official processing and file-stamping of the document. Appellants offer no explanation for why the transaction was canceled, except to suggest that the blame belongs with the district clerk.[5] But the record provided by the district clerk reveals that the cancellation occurred at the behest of Appellant's counsel, or at least someone using his eFileTexas credentials:

---

before it officially becomes a part of public record. The question here is whether the invoking of the snap-back option nullifies the transaction for purposes of the timely filing of a notice of appeal under the Texas Rules of Appellate Procedure.

[5]In their Notice of Timely Filing of Motion for Reinstatement filed in the trial court, Appellants state, "For reasons unknown, the District Clerk of Denton County failed to act on the submitted electronic filing." Appellants made a similar statement in their Motion to Extend the Time for the Filing of the Notice of Appeal filed in our court: "For reasons unknown, the District Clerk completely ignored that electronic filing." Although at first blush it may appear that Appellants are claiming that the cancellation of the transaction was a mystery to them, a careful reading of these statements reveals otherwise. While Appellants state that the reason for the district clerk's failure to "act on" the motion was unknown to them, they do not claim that the reason for the cancellation itself was unknown to them. As to why the transaction was canceled, Appellants are silent.



The technology is new, and there are no cases on point. But because the supreme court has provided guidance to us with regard to the effect of withdrawing a motion for new trial, we can draw an analogy. In *Rogers v. Clinton*, the supreme court held that when a party withdraws its timely-filed motion for new trial, the extension of the trial court's plenary power is nullified, and the deadlines for plenary-power extension revert back as if no motion for new trial was ever filed. 794 S.W.2d 9, 11 (Tex. 1990) (orig. proceeding). In *Rogers*, the defendant orally withdrew his motion for new trial prior to the hearing on the motion. *Id.* at 10. Over the defendant's objection, the trial court considered and granted the motion. *Id.* The supreme court held that the trial court could not order a new trial when the motion for new trial had

8

been withdrawn and more than 30 days had passed since the judgment was signed. *Id.* at 11. In other words, the withdrawal of a timely-filed motion for new trial acts to divest the trial court of the extended plenary power that the motion provides. *See id.*; *see also In re Dilley ISD*, 23 S.W.3d 189, 191 (Tex. App.—San Antonio 2000, orig. proceeding) ("If a party withdraws a motion for new trial, the period of time for the trial court's plenary power reverts back to thirty days from the date the judgment is signed."), *abrogated in part by In re Schmitz*, 285 S.W.3d 451 (Tex. 2009) (orig. proceeding).

The holding in *Rogers* was premised upon the idea that a party has the right to prosecute or defend its own case:

> We have held repeatedly that []a plaintiff's right to nonsuit of its own action exists at the moment a motion is filed, and that the only requirement is the mere filing of the motion with the clerk of the court.[] Analogously, a defendant's right to file a motion for new trial must certainly carry with it the right to *withdraw* that motion at any time before it is heard. A defendant must have the right to control his own defense.

794 S.W.2d at 11 (citations omitted). Here, by canceling the filing of their motion to reinstate, Appellants exercised their right to control the prosecution of their own lawsuit. While *Rogers* would suggest that the trial court lost plenary power in this case when Appellants effectively withdrew their motion to reinstate by canceling the efiling transaction, that is not what we are called upon to decide. We must decide what effect the withdrawal, or cancellation, of the motion to reinstate had on the appellate deadlines.

9

Extensions on plenary power and extensions on appellate deadlines usually walk hand-in-hand. But this is not necessarily so. Because they are governed by two different rules—plenary power extensions by Texas Rule of Civil Procedure 329b(e) and appellate deadline extensions by Texas Rule of Appellate Procedure 26.1(a)—the two may part company and travel different paths. For example, as our sister court has explained, just because a request for findings of fact and conclusions of law will extend the deadline for filing a notice of appeal under Rule 26.1(a) does not mean that the request will also extend a trial court's plenary power under Rule 329b. *See In re Gillespie*, 124 S.W.3d 699, 703 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). To make that determination, one must be guided by the law and the plain language of the applicable rules. *See id.*

Texas Rule of Appellate Procedure 26.1(a) provides that the deadline for filing a notice of appeal is extended to "90 days after the judgment is signed if any party timely files . . . a motion to reinstate under Texas Rule of Civil Procedure 165a." Tex. R. App. P. 26.1(a). Under Texas Rule of Civil Procedure 21(f)(5), Appellants' motion to reinstate was "deemed filed when transmitted" to eFileTexas. Tex. R. Civ. P. 21(f)(5). Under the plain language of the applicable rules, Appellants' motion to reinstate, whether canceled or not, extended the appellate deadlines.

While *Rogers* might suggest that the cancellation of the efiling transaction would operate to withdraw the motion for purposes of plenary power under Rule 329b, the holding in *Rogers* does not address the extension of appellate deadlines under Rule

10

26.1(a). Because it is not our place to extend *Rogers* beyond its holding and because we are mindful that we should be vigilant to ensure that we do not "creat[e] a requirement not absolutely necessary from the literal words of the rule," *Jamar*, 868 S.W.2d at 319, we hold that when Appellants transmitted their motion to reinstate to eFileTexas, it was deemed filed for purposes of Rule 26.1(a) such that the deadline for filing Appellants' notice of appeal was extended to 90 days after the judgment was signed. We further hold that the later cancellation of that efiling transaction did not operate to revert the due date of Appellants' notice of appeal back to 30 days after the judgment was signed.

In their motion for an extension of time to file their notice of appeal, Appellants explain that they failed to file their notice of appeal on the 90th day due to an erroneous calculation of the appellate deadlines. Pursuant to Rule 10.5, we may extend that deadline upon a reasonable explanation for the need for the extension. *See* Tex. R. App. P. 10.5(b). "Reasonable explanation" has been defined as "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (per curiam) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)). The reason offered by Appellants—a mistake in calendaring—fits within this definition. Because Appellants have offered a reasonable explanation for their failure to file their notice of appeal by the January 9 deadline, we grant their motion.

11

## IV.  Conclusion

Based on our analysis above, we hold that Appellants' notice of appeal filed on January 22, 2020, was timely filed, and we continue the appeal.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered:  February 27, 2020