Keith ROGERS, Stacy Rogers, and Joe Sams, Relators,

v.

Hon. Thomas CLINTON, Judge, Respondent.

No. C–8847.

Supreme Court of Texas.

June 13, 1990.

Rehearing Overruled Sept. 6, 1990.

Broadus A. Spivey, Paul E. Knisely, Austin, Delwin T. McGee, Dumas, for relators.

James L. Wharton, Philip W. Johnson, George L. Thompson, Lubbock, for respondent.

## OPINION

MAUZY, Justice.

This mandamus proceeding is unusual because it is filed by the plaintiffs *and* the defendant in the underlying suit. Relators Keith Dennis Rogers, Stacy Rogers, and Joe Taylor Sams seek a writ of mandamus directing the trial judge to vacate his order granting a new trial. We conditionally grant the writ.

Keith Rogers was injured in a one-car accident in Lubbock County in April 1987. The driver of the car was Joe Sams. Keith and his wife, Stacy, retained an attorney who, prior to filing suit against Sams, offered to settle with Sams' insurer, Truck Insurance Exchange (TIE), for $185,000. TIE did not accept the offer.

The Rogerses then filed a negligence action against Sams. Although TIE was timely notified of the suit, it failed to file an answer on Sams' behalf. On January 17, 1989, the trial court rendered a default judgment against Sams for $975,000. Upon learning of the default judgment, Sams contacted TIE, which informed him for the first time that it questioned his insurance coverage. Despite the coverage question, however, TIE retained two attorneys, Philip W. Johnson and George L. Thompson, who filed a motion for new trial on Sams' behalf on February 15, 1989. A hearing on the motion was scheduled for 9:00 a.m., March 24, 1989.

On March 22, 1989, TIE notified Sams that it accepted coverage *up to the policy limit of $500,000* and that it might *not* post

a supersedeas bond for the entire $975,000 judgment if the motion for new trial were overruled. In other words, Sams was faced with the possibility of having to post a supersedeas bond for $475,000 or risk execution on his assets. Thus, by the close of March 22, Sams had good cause to be dissatisfied with the representation afforded by TIE.

At 8:40 a.m., March 24, 1989, Sams' individual attorney, Delwin McGee, filed with the clerk of the district court (1) a designation of counsel, pursuant to Tex.R.Civ.P. 8, signed by Sams, designating McGee as lead counsel for Sams and giving notice that the attorneys retained by TIE[1] had been discharged and (2) a notice that Sams was withdrawing his motion for new trial. Also at 8:40 a.m., Sams and the Rogerses signed a "settlement agreement" whereby Sams assigned to them any rights and claims he had against TIE in exchange for their covenant not to execute on Sams' personal assets until all reasonable efforts were made to collect the default judgment from TIE.

When the motion for new trial was called for hearing at 9:00 a.m., Sams informed the court of his change of counsel and the withdrawal of his motion for new trial. Nevertheless, over the objections of Sams and the Rogerses but at the insistence of the attorneys retained by TIE, the trial court considered the motion. On March 28, 1989, the trial court signed an order purporting to set aside the default judgment and to grant the now-withdrawn motion for new trial.

On May 9, 1989, the trial court, without notice to relators, signed a nunc pro tunc order purporting to add the following paragraph to the March 28 order:

Under the provisions of Rules 329b(a), (b), (c) and (e), TEX.R.CIV.P., and under the inherent and other authority of the Court granted by law ..., the judgment signed in this matter on or about January 17, 1989, is in all things set aside and a new trial is granted....

---

1. Although a client may discharge his attorney at any time even without cause, *see Hume v. Zuehl,* 119 S.W.2d 905 (Tex.Civ.App.—San Antonio 1938, writ ref'd), an attorney may withdraw from representation of a client only if he satisfies the requirements of Tex.R.Civ.P. 10.

Relators urge that Sams had an absolute right to withdraw his motion for new trial at the time he did, and that thereafter the district court was without authority to set aside the default judgment and order a new trial. We agree.

■ We have held repeatedly that "a plaintiff's right to nonsuit of its own action exists at the moment a motion is filed, and that the only requirement is the mere filing of the motion with the clerk of the court." *Shadowbrook Apts. v. Abu–Ahmad,* 783 S.W.2d 210, 211 (Tex.1990); *see also Greenberg v. Brookshire,* 640 S.W.2d 870 (Tex.1982). Analogously, a defendant's right to file a motion for new trial must certainly carry with it the right to *withdraw* that motion at any time before it is heard. A defendant must have the right to control his own defense. *See also* 60 C.J.S. *Motions and Orders* § 41 (1969).

■ TIE argues that even if the motion for new trial was effectively withdrawn, the district court still had the authority, under Texas Rule of Civil Procedure 329b, to order a new trial *sua sponte.* The plain wording of the rule, however, belies this argument. Rule 329b provides in relevant part:

(c) In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

(d) The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment *within thirty days after the judgment is signed.*

(e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment *until thirty days after all such timely-filed motions are overruled* either by a written and signed order or by operation of law, whichever occurs first.

(f) On expiration of the time within which the trial court has plenary power, *a judgment cannot be set aside by the trial court except by bill of review* for sufficient cause, filed within the time allowed by law; provided that the court may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc under Rule 316, and may also sign an order declaring a previous judgment or order to be void because signed after the court's plenary power had expired.

(Emphasis added.)

A careful reading reveals that Rule 329b does not speak to the situation presented in this case, that is, one in which a party has withdrawn a motion for new trial as opposed to waiting until it is overruled. To interpret the rule as urged by TIE would ignore its plain content. This we are unwilling to do. *See Heard v. Heard,* 305 S.W.2d 231 (Tex.Civ.App.—Galveston 1957, writ ref'd). Rule 329b, as presently written, does not authorize a trial court to order a new trial when the movant has deliberately withdrawn his motion and more than 30 days have passed since the judgment was signed.

In the recent case of *Stearnes v. Clinton,* 780 S.W.2d 216 (Tex.Cr.App.1989), the Court of Criminal Appeals held that respondent trial judge exceeded his authority in discharging the defendant's court-appointed counsel over the defendant's objection. The court noted that the trial judge, in justifying his action, "made … comments that were both illogical and unreasoned." 780 S.W.2d at 224. In the instant case, the trial judge has again exceeded his authority and then tried to justify his action by issuing, without notice or hearing, a void *nunc pro tunc* order.

Because the district court, in ordering a new trial, went beyond its lawful authority and thereby abused its discretion, a writ of mandamus is the appropriate remedy. *McCormack v. Guillot,* 597 S.W.2d 345 (Tex.1980); *Buttery v. Betts,* 422 S.W.2d 149 (Tex.1967). "Relators are entitled to

their final judgment ... without establishing that right after a needless retrial and an appeal." *Buttery* at 151. We expect that the district court will vacate its order for new trial. The writ will issue only if the court refuses to do so.

COOK, Justice, dissenting.

I respectfully dissent. I cannot agree with the court that the withdrawal of a motion for new trial by a defendant spontaneously divests a trial court of jurisdiction to reconsider a default judgment.

This original mandamus proceeding concerns the boundaries of a trial court's plenary jurisdiction. The issue is whether a trial court retains jurisdiction over its judgment for any period of time following a party's election to abandon a timely filed motion for new trial. This court holds that the respondent trial court lost jurisdiction over its judgment at the instant the movant filed his motion to withdraw his pending motion for new trial because the initial thirty day period of plenary jurisdiction had elapsed by that time. The court reaches its conclusion by analogy to principles governing nonsuits and because the rule governing motions for new trial does not specifically explain what should be done in this situation. I dissent because the framework created by Texas Rule of Civil Procedure 329b clearly indicates that the trial court retains plenary jurisdiction over its judgment for a period of thirty days following disposition of the motion for new trial. Furthermore, I find the court's analogy to principles of nonsuit inapplicable.

A trial court retains for a limited time an inherent power to set aside, modify, or amend its final judgment "without the necessity of a formal written or oral motion by a party, or for reasons not incorporated in a motion duly filed." 4 R. McDonald, *Texas Civil Practice* § 18.03 at 266 (F. Elliott rev. 1984); *see also Spikes v. Smith*, 386 S.W.2d 346, 347 (Tex.Civ.App.—Corpus Christi 1965, orig. proceeding); Tex.R. Civ.P. 320. This is the period of the trial court's plenary jurisdiction and the discretion exercised by the court over its judg-

ment during this period has been described as "practically unlimited." *Sandoval v. Rattikin*, 395 S.W.2d 889, 892 (Tex.Civ. App.—Corpus Christi 1965, writ ref'd n.r. e.).

The length of this period depends on two factors: (1) Whether a party elects to file a motion for new trial, and (2) When or whether the court acts on the motion. If no motion for new trial is filed, a trial court retains plenary power over its judgment until thirty days after the judgment is signed. Tex.R.Civ.P. 329b(d). The filing of a motion for new trial during this initial thirty day period extends the court's jurisdiction over the judgment until thirty days after all timely filed motions for new trial are overruled. Tex.R.Civ.P. 329b(e). If the trial court does not act on the motion for new trial in writing, the motion is deemed overruled by operation of law seventy-five days after the judgment was signed. Tex. R.Civ.P. 329b(c). Even when the motion for new trial is overruled by operation of law, the trial court retains plenary power over its judgment for an additional thirty days. *Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex.1985); *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex.1978); *Transamerican Leasing Co. v. Three Bears, Inc.*, 567 S.W.2d 799, 800 (Tex.1978). The period of a trial court's plenary jurisdiction therefore can be as short as thirty days or as long as one hundred and five days, depending on whether a motion is filed and when or if the court acts on it. The operation of Rule 329b thus makes it perfectly clear that the original thirty day period of plenary jurisdiction is pushed forward by the timely filing of a motion for new trial and commences running either on the date the court acts on the motion or seventy-five days after the signing of the final judgment, whichever occurs first.

In the underlying cause the defendant withdrew his timely filed motion for new trial during the period of extended plenary jurisdiction. *See* Tex.R.Civ.P. 329b(e). This court apparently views the motion to withdraw as tantamount to an expunction

of the original motion for new trial.[1] Because the rule does not expressly address this situation, the court concludes we must fall back to the original thirty day period of plenary jurisdiction. The result here is that the trial court lost jurisdiction over its judgment at the instant the movant indicated his desire to abandon his motion for new trial.

The court's rationale for this result is that a party's right to abandon a motion for new trial is absolute and analogous to a plaintiff's right to take a nonsuit. The court writes that the movant "had the absolute right to withdraw his motion for new trial at the time he did, and that once he had done so the district court was without authority to set aside the default judgment and order a new trial." 794 S.W.2d 11. The court's reasoning by analogy is invalid.

Texas Rule of Civil Procedure 162 governs nonsuits and authorizes a plaintiff to take one "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence." The comment to the most recent amendment of this rule notes that the rule's purpose is to fix a definite time after which a party may not nonsuit a cause of action. Under the facts of the underlying case, the time had long since passed for the plaintiff to take a nonsuit or by analogy for the defendant to abandon some defensive matter. Furthermore, the nonsuit rule relates to claims or causes of action; the situation the court finds analogous does not. Upon entry of the default judgment in the underlying cause, the plaintiff's claims were merged into and replaced by the judgment in his favor. From that point forward the trial court's plenary power over that judgment attached and during this period the trial court possessed inherent power to grant a new trial in the interest of justice. *See Champion International Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898 (Tex.

1989). In a sense, during the period of plenary jurisdiction the judgment belongs to the trial court, and it retains broad discretion in determining whether or not the ends of justice will be served by a new trial. Surely a court reconsidering its act of granting a default judgment must be given the greatest latitude.

A majority of this court apparently perceives the trial court's order granting new trial as an unwarranted intrusion upon the parties right to settle this controversy.[2] I, however, see it differently. Although I endorse the defendant's right to withdraw his motion for new trial and settle the controversy, the parties to the litigation cannot make the trial court an unwilling participant in the settlement bargain. In other words, the parties are not free to bargain with the trial court's judgment. A settlement agreement cannot be used as a mechanism to terminate the trial court's plenary power and thereby wrest control of the judgment away from the court. I believe this court errs in permitting the parties to use Rule 329b in this manner. The rule lends itself to at least two better interpretations.

First, we might construe the act of withdrawing a motion for new trial as the functional equivalent of a written order denying the motion. Under this interpretation the court's plenary jurisdiction would extend for a period of thirty days after the filing of movant's formal motion to withdraw. Alternatively, we might apply subsection (c) of the rule which provides that a motion for new trial, which has not been determined by written order signed within seventy-five days following judgment, is considered overruled by operation of law. TEX.R.CIV.P. 329b(c). Under this application of the rule, the consequence of a party withdrawing his motion for new trial is that there will be no written order on the motion, and it will most likely be deemed

---

1. I assume the court does not mean that the motion for new trial is truly expunged as this might adversely impact a party's right of appeal. An appeal is perfected by filing the appeal bond, but the time for filing it is dependent on whether a motion for new trial has been filed. TEX. R.APP.P. 41(a)(1).

2. The court also alludes to a prior cause over which the respondent trial judge presided. The court's reference is irrelevant to the matters before us and unnecessary to the court's disposition.

overruled by operation of law after seventy-five days. During this period, however, the trial court retains jurisdiction over its judgment and has the maximum period of one hundred five days within which it may act to grant a new trial under its inherent power to do justice in the cause. Under either application of Rule 329b our respondent trial court retained jurisdiction over the cause at the time it acted to grant a new trial.

Finally, it may be that the court agrees with my basic premise that the trial court retained jurisdiction over the cause after the defendant elected to withdraw its motion for new trial. I am unsure because the court indicates both that the trial court lacked jurisdiction to grant a new trial and that the trial court abused its discretion in granting a new trial. Abuse of discretion implies jurisdiction over the matter, but a fundamentally flawed exercise of the court's power. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985). If the court's holding is that the trial court had jurisdiction over the cause and therefore the inherent power to grant a new trial in the interest of justice, but abused its discretion when exercising this power, then the court has erred because mandamus is not the appropriate remedy. *Hunsinger v. Boyd*, 119 Tex. 182, 26 S.W.2d 905, 907 (1930). As we wrote in *Johnson v. Seventh Court of Civil Appeals*, 162 Tex. 613, 350 S.W.2d 330, 331 (1961):

> It is the general rule, well established, that an appellate court will not review by mandamus an action of the trial court granting a new trial while it still has jurisdiction of the cause. The discretion and judgment of the trial court cannot be controlled or directed by mandamus.

Even if we were free to substitute our discretion for that of the trial court in this matter, the underlying facts do not justify the majority's conclusion that the trial court abused its discretion.

The underlying judgment is one of default in the amount of approximately one million dollars. Prior to default the plaintiff valued his case at $185,000 and offered to settle for this amount. The judgment therefore is five times what the plaintiff once estimated his claims to be worth. Further the apparent purpose for the settlement is to finalize the default judgment so that the plaintiff, as defendant's assignee, can prosecute whatever claims the defendant insured might have against his insurance company arising out of the insurance company's "bungled" defense. Under these facts, I cannot say that the trial court abused its discretion in granting a new trial.

For the foregoing reasons, I would deny the petition for writ of mandamus.

PHILLIPS, C.J., and GONZALEZ and HECHT, JJ., join in this dissent.