**In re DILLEY INDEPENDENT SCHOOL DISTRICT and Dr. Jack R. Seals, Jr.**

No. 04–00–00120–CV.

Court of Appeals of Texas, San Antonio.

June 28, 2000.

---

Robert J. West, Henslee, Fowler, Hepwroth & Schwartz, L.L.P., Austin, for Appellant.

Sylvia Anna Rodriguez, Law Office of Sylvia Rodriguez, Pearsall, for Appellee.

Before LÓPEZ, GREEN, and DUNCAN, Justices.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

In this original proceeding, Relators, Dilley Independent School District (DISD) and Dr. Jack R. Seals, Jr., seek to vacate the trial court's judgment placing an expelled student in the DISD alternative education program during the period of his expulsion. DISD contends (1) the Amended Final Judgment is void because the court lost plenary power as soon as the motion for new trial was withdrawn, and (2) the trial court has no authority to order DISD to place a student in the alternative education program after the student is expelled pursuant to TEX. EDUC.CODE ANN. § 37.007 (Vernon Supp.2000). We conditionally grant the writ of mandamus.

### Background

Jose Sanchez was accused of setting fire to a school bus in the DISD bus yard. After a meeting with Jose's parents, Superintendent Jack R. Seals, Jr. expelled

Jose from school pursuant to TEX. EDUC. CODE ANN. § 37.007(a)(2)(B). Jose and his parents appealed to the DISD Board. After a hearing, the Board upheld the expulsion. Domingo Sanchez, the real party in interest, then filed suit on behalf of Jose Sanchez (hereinafter referred to collectively as "the Sanchezes") with the district court in Frio County, appealing the decision of the DISD Board.

On November 23, 1999, the Honorable Ron Carr signed a judgment upholding the DISD Board's decision. The Sanchezes filed a motion for new trial, arguing the Board failed to prove Jose's presence in the classroom threatened the safety of students or teachers or would be detrimental to the educational process, as required under § 37.006(d)(2). At a hearing on February 18, 2000, the Sanchezes' counsel withdrew the motion for new trial and made an oral motion for Judge Carr to modify the judgment and order Jose to alternative school under § 37.006. Judge Carr granted the oral motion and amended the prior judgment to include an order for DISD to admit Jose to the alternative education program.

### Standard of Review

■ Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). The trial court abuses its discretion when it fails to properly apply the law to the undisputed facts, when it acts arbitrarily or unreasonably, or when its ruling is based on factual assertions unsupported by the record. *See Microsoft Corp. v. Manning*, 914 S.W.2d 602, 607 (Tex.App.— Texarkana 1995, writ dism'd). Mandamus is available to challenge a void order of the trial court entered after its plenary jurisdiction has expired. *J.A. Bitter & Assoc. v. Haberman*, 834 S.W.2d 383, 384 (Tex. App.—San Antonio 1992, orig. proceeding).

### Trial Court Plenary Power

■ DISD argues the trial court had no jurisdiction to modify the judgment after counsel for the Sanchezes withdrew the motion for new trial. We agree.

■ If a party withdraws a motion for new trial, the period of time for the trial court's plenary power reverts back to thirty days from the date the judgment is signed. *See Rogers v. Clinton,* 794 S.W.2d 9, 11 (Tex.1990, orig.proceeding) (interpreting TEX.R. CIV. P. 329b). The withdrawal of a motion for new trial is treated like a notice of nonsuit. It does not have to be approved or granted by the trial court; the withdrawal is effective immediately. *See Rogers,* 794 S.W.2d at 11.

In this case, upon return from an off-the-record discussion in chambers, the trial judge recognized counsel for the Sanchezes, who stated, on the record:

> Your Honor, at this time I'd like to go ahead and withdraw the motion for a new trial and ask that the original order which was pursuant to Section 37.006— Section (d)(1) and (2) be applied in this case, your Honor.
> And I'm asking that this Court go ahead and order that my client, Jose Domingo Sanchez, be removed from regular classroom and placed in alternative education program, Your Honor.

When counsel for the Sanchezes withdrew the motion for new trial on the record in open court, the trial court lost plenary power to amend the judgment. The oral motion to modify could not extend the trial court's plenary power beyond thirty days from the date of judgment because the motion was neither in writing nor was it timely filed within thirty days of the date of judgment. *See* TEX.R. CIV. P. 329b(g).

### Conclusion

Because the motion for new trial was withdrawn more than thirty days from the date the judgment was signed, the trial court had no jurisdiction to modify or

amend the final judgment. We need not address whether the trial court had the authority to order DISD to admit Jose Sanchez into its alternative education program. We expect the district court will vacate the Amended Final Judgment within ten days. The writ will issue only if the court refuses to do so.

Concurring opinion by LÓPEZ, J.

LÓPEZ, Justice, concurring.

Even though the majority's opinion is legally correct, I respectfully concur in the results only. I am fully aware of the circumstances which brought about Jose's expulsion from school, but there are times when the law seems unusually harsh and begs for some type of bending. This is such a case.

According to the record, Jose was a good student prior to the event that led to this proceeding. Although school administrators expelled Jose for setting fire to a school bus, formal charges were never filed against this young man. Despite an apparent lack of evidence to pursue formal charges, the school board expelled Jose for the duration of the academic year.

School administrators bear tremendous responsibility for protecting the youth in our schools. Such responsibility often calls for swift action to ensure the safety of our students. While school districts are expected to protect our students, they are also tasked with educating them. Denying a student an alternative form of education does not meet this task.

In this case, a rule of law prevents Jose from continuing his education despite a well-intended effort to enable this young man to at least attend an alternative education program. Who won in this contest? Who benefitted? Surely, all of us, including Jose, lost something in this courtroom drama. I hope that Jose will accept this ordeal as a wake-up call, and that he will strive to complete his education and to become a productive member of his community. Each of our individual actions have consequences. Lessons learned as a child can save us years of misery in the future.

I also hope that the school district will rethink its position. Instances such as the one that led to this proceeding will occur again in the future. Certainly youthful offenders must be punished if other students are to be protected. But refusing alternative education is a perplexing position considering this State's high school drop-out rate. We all suffer from an uneducated population. Surely school districts can find a way to punish while educating. Taking a child's education is a drastic remedy that should be employed only when the student serves as an actual threat to his teachers and fellow students.