No. 04-00-00120-CV

In Re DILLEY INDEPENDENT SCHOOL DISTRICT


and Dr. Jack R. Seals, Jr.

Original Proceeding

Related Trial Court No. 98-11-00315CVF

From the 81st Judicial District, Frio County, Texas

Honorable Olin B. Strauss, Judge Presiding(1)

Opinion by: Paul W. Green, Justice

Concurring opinion by: Alma L. López, Justice

Sitting: Alma López, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: June 28, 2000


WRIT OF MANDAMUS CONDITIONALLY GRANTED


 In this original proceeding, Relators, Dilley Independent School District (DISD) and
Dr. Jack R. Seals, Jr., seek to vacate the trial court's judgment placing an expelled student
in the DISD alternative education program during the period of his expulsion. DISD
contends (1) the Amended Final Judgment is void because the court lost plenary power as
soon as the motion for new trial was withdrawn, and (2) the trial court has no authority to
order DISD to place a student in the alternative education program after the student is
expelled pursuant to Tex. Educ. Code Ann. § 37.007 (Vernon Supp. 2000). We
conditionally grant the writ of mandamus.

Background

 Jose Sanchez was accused of setting fire to a school bus in the DISD bus yard. After
a meeting with Jose's parents, Superintendent Jack R. Seals, Jr. expelled Jose from school
pursuant to Tex. Educ. Code Ann. § 37.007(a)(2)(B). Jose and his parents appealed to the
DISD Board. After a hearing, the Board upheld the expulsion. Domingo Sanchez, the real
party in interest, then filed suit on behalf of Jose Sanchez (hereinafter referred to collectively
as "the Sanchezes") with the district court in Frio County, appealing the decision of the
DISD Board.

 On November 23, 1999, the Honorable Ron Carr signed a judgment upholding the
DISD Board's decision. The Sanchezes filed a motion for new trial, arguing the Board failed
to prove Jose's presence in the classroom threatened the safety of students or teachers or
would be detrimental to the educational process, as required under § 37.006(d)(2). At a
hearing on February 18, 2000, the Sanchezes' counsel withdrew the motion for new trial and
made an oral motion for Judge Carr to modify the judgment and order Jose to alternative
school under § 37.006. Judge Carr granted the oral motion and amended the prior judgment
to include an order for DISD to admit Jose to the alternative education program.

Standard of Review

 Mandamus issues only to correct a clear abuse of discretion or a violation of a duty
imposed by law when there is no other adequate remedy at law. See Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). The trial court abuses its discretion when it fails to properly
apply the law to the undisputed facts, when it acts arbitrarily or unreasonably, or when its
ruling is based on factual assertions unsupported by the record. See Microsoft Corp. v.
Manning, 914 S.W.2d 602, 607 (Tex. App.­Texarkana 1995, writ dism'd). Mandamus is
available to challenge a void order of the trial court entered after its plenary jurisdiction has
expired. J.A. Bitter & Assoc. v. Haberman, 834 S.W.2d 383, 384 (Tex. App.­San Antonio
1992, orig. proceeding).

Trial Court Plenary Power

 DISD argues the trial court had no jurisdiction to modify the judgment after counsel
for the Sanchezes withdrew the motion for new trial. We agree.

 If a party withdraws a motion for new trial, the period of time for the trial court's
plenary power reverts back to thirty days from the date the judgment is signed. See Rogers
v. Clinton, 794 S.W.2d 9, 11 (Tex. 1990, orig. proceeding) (interpreting Tex. R. Civ. P.
329b). The withdrawal of a motion for new trial is treated like a notice of nonsuit. It does
not have to be approved or granted by the trial court; the withdrawal is effective
immediately. See Rogers, 794 S.W.2d at 11.

 In this case, upon return from an off-the-record discussion in chambers, the trial judge
recognized counsel for the Sanchezes, who stated, on the record:

 Your Honor, at this time I'd like to go ahead and withdraw the motion for a
new trial and ask that the original order which was pursuant to Section 37.006
­ Section (d)(1) and (2) be applied in this case, your Honor.

 And I'm asking that this Court go ahead and order that my client, Jose
Domingo Sanchez, be removed from regular classroom and placed in
alternative education program, Your Honor.


 When counsel for the Sanchezes withdrew the motion for new trial on the record in
open court, the trial court lost plenary power to amend the judgment. The oral motion to
modify could not extend the trial court's plenary power beyond thirty days from the date of
judgment because the motion was neither in writing nor was it timely filed within thirty days
of the date of judgment. See Tex. R. Civ. P. 329b(g).

Conclusion

 Because the motion for new trial was withdrawn more than thirty days from the date
the judgment was signed, the trial court had no jurisdiction to modify or amend the final
judgment. We need not address whether the trial court had the authority to order DISD to
admit Jose Sanchez into its alternative education program. We expect the district court will

vacate the Amended Final Judgment within ten days. The writ will issue only if the court
refuses to do so.


 PAUL W. GREEN,

 JUSTICE

PUBLISH

1. The Honorable Olin B. Strauss is the proper respondent because he is the permanent judge of the 81st Judicial
District Court, Frio County, Texas. See In re Acevedo, 956 S.W.2d 770, 772 n.1 (Tex. App.--San Antonio 1997, orig.
proceeding). Relator, however, complains about the Visiting Judge, the Honorable Ron Carr, who presided over the case
below.