MEMORANDUM OPINION




No. 04-04-00221-CV



Annie Arlene STEVENS,


Appellant



v.



Robert STEVENS,


Appellee



From the 57th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CI-10449


Honorable Rebecca Simmons, Judge Presiding



PER CURIAM


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: June 2, 2004


DISMISSED FOR WANT OF JURISDICTION

 The trial court signed a final judgment on January 16, 2004. Because appellant did not file
a written motion for new trial, motion to modify the judgment, motion for reinstatement, or request
findings of fact and conclusions of law, the notice of appeal was due to be filed on February 16, 2004.
See Tex. R. App. P. 26.1(a). A motion for extension of time to file the notice of appeal was due on
March 2, 2004. See Tex. R. App. P. 26.3. Appellant filed a notice of appeal on April 1, 2004 and
never filed a motion for extension of time to file the notice of appeal. 

 A motion for extension of time is necessarily implied when an appellant, acting in good faith,
files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period
provided by Rule 26.3 for filing a motion for extension of time. See Verburgt v. Dorner, 959 S.W.2d
615, 617 (Tex. 1997) (construing the predecessor to Rule 26). But "once the period for granting a
motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate
court's jurisdiction." Id. 

 On May 11, 2004, we ordered appellant to show cause why her appeal should not be
dismissed for want of jurisdiction. Appellant responded to our order on May 17, 2004. In her
response, appellant argues that she timely filed her notice of appeal because she filed a premature
motion to reconsider, which extended the deadline for filing her notice of appeal until April 16, 2004.
We disagree with appellant's contention. 

 Generally, a premature motion to reconsider would operate to extend the deadline for filing
a notice of appeal. See Tex. R. App. P. 26.1(a); 27.2; see also Padilla v. LaFrance, 907 S.W.2d 454,
458-59 (Tex. 1995). In this case, however, no written motion to reconsider was filed, and an oral
motion does not extend the appellate deadlines. In re Dilley Indep. Sch. Dist., 23 S.W.3d 189, 191
(Tex. App.--San Antonio 2000, orig. proceeding). Appellant's oral motion to reconsider therefore
did not extend the deadline for filing her notice of appeal. Accordingly, this appeal is dismissed for
want of jurisdiction.

 PER CURIAM