COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




INTEGRATED SEMICONDUCTOR
SERVICES, INC.,


 Appellant,


v.



AGILENT TECHNOLOGIES, INC.,
N/K/A AVAGO TECHNOLOGIES U.S.,
INC., 


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00146-CV



Appeal from the


193rd Judicial District Court


of Dallas County, Texas 


(TC# 06-06205-L) 



O P I N I O N


 Integrated Semiconductor Services, Inc. ("ISS") filed this restricted appeal following the
trial court's entry of a post-answer default judgment in favor of Avago Technologies U.S., Inc.
("Avago"). In a single issue, ISS contends the trial court granted the amended motion to
withdraw immediately before trial, and by granting a default judgment in violation of Rule 10 of
the Texas Rules of Civil Procedure and Rule 4.02 of the Dallas County Local Rules. We will
affirm the trial court's judgment.

 This suit is a breach of contract and contractual interference action. Avago contracted to
purchase semiconductor manufacturing equipment through Mr. Jesse Bell of JC Technology
Sales. (1) At the time Mr. Bell first contacted Avago about purchasing the equipment, Mr. Bell was
a representative of ISS which manufactured the equipment Avago wished to buy. On August 10,
2005, Avago received a price quote for an "LAM A6 Alliance TCP 9400PTX Process Module"
from Mr. Bell. According to the quote, Mr. Bell could deliver the LAM equipment in twelve
weeks for a total price of $775,000. Based on Mr. Bell's association with ISS, Avago understood
that ISS would be manufacturing the equipment and that ISS was capable of meeting Avago's
requirements. Avago worked exclusively with Mr. Bell to order the LAM equipment. Avago
issued a purchase order for the LAM equipment to Mr. Bell on October 26, 2005. Avago paid
$465,000 to Mr. Bell at the time it ordered the equipment. This payment constituted 60 percent
of the total purchase price.

 ISS and Mr. Bell failed to deliver the equipment on time. Six weeks after the agreed
delivery date, Avago employees traveled to ISS's facility to inspect the equipment. They found
the equipment was not complete, and that it failed to meet Avago's specifications. Avago
representatives scheduled a second inspection for April 19 based on Mr. Bell's representations
that the equipment would be completed at that time. However, on the morning Avago employees
were scheduled to travel to the ISS facility, an ISS representative contacted Avago and informed
the buyer that the equipment was still not in final form. This was the first communication Avago
received directly from ISS.

 Several more weeks and delivery dates passed, and on June 14, 2004, ISS conducted a
third inspection of the equipment at the ISS facility. Following this inspection, Avago concluded
that ISS was incapable of manufacturing the equipment to its specifications. The following
week, Avago notified Mr. Bell that he was in material breach of the purchase order contract. 
Mr. Bell was given ten days to cure the breach before Avago terminated the contract and began
seeking legal action. The equipment was never delivered, and Avago's pre-payment was not
returned.

 On June 29, 2006, Mr. Bell filed suit against ISS for breach of contract, alleging the
manufacturer failed to deliver the LAM equipment. On July 20, 2006, Mr. Bell amended his
petition to include Avago as a defendant. Mr. Bell alleged that Avago was working with ISS to
"cut [him] out of the deal," and sought the benefits of the original contract as damages. On
April 5, 2007, Avago filed its first amended petition and asserted a counter-claim for breach
against Mr. Bell, and a cross-claim against ISS alleging it was a third party beneficiary to the
contract between ISS and Mr. Bell.

 On March 20, 2007, the parties filed a joint motion for continuance. The motion
represented to the trial court that the parties had been discussing an appropriate scheduling order
and had agreed to a September 11, 2007 trial setting. They requested the court set the case for
trial pursuant to their agreement. The trial court granted the request on July 12, 2007, by signing
a scheduling order setting the case for trial on September 11, 2007.

 On August 21, 2007, ISS's attorneys filed a motion to withdraw from the case. The trial
court denied the motion by written order on August 24, 2007. On September 4, 2007, ISS's
attorneys filed an amended motion to withdraw. The amended motion represented that "good
cause" existed to terminate the attorney-client relationship, and that termination was "in the best
interest of all parties." The motion stated further that ISS had been notified of the motion and its
right to object to withdrawal by regular and certified mail. Finally, the motion also states ISS's
president was consulted and was not opposed to the withdrawal. The trial court granted the
amended motion to withdraw on September 6. There is no record of any objection to the motion
or a continuance for time to obtain new counsel.

 The case proceeded to trial on September 11, 2007. Neither ISS, nor Mr. Bell appeared
in person or through counsel despite having received notice of the setting. Avago introduced
evidence of both opposing parties' breach through affidavit testimony and exhibits. The trial
court entered a default judgment in Avago's favor immediately following trial. The judgment
imposes joint and several liability for Avago's pre-payment, travel expenses, pre-judgment
interest, and attorneys fees, as well as awarding exemplary damages. (2) ISS filed its notice of
restricted appeal on March 10, 2008.

 To prevail on a restricted appeal, an appellant must establish: (1) the notice of appeal
was filed within six months after the judgment or order appealed from was signed; (2) the
appellant was a party to the underlying suit; (3) the appellant did not participate in the actual trial
of the case; and (4) the error complained of must be apparent on the face of the record. See
Tex.R.App.P. 26.1(c); Norman Communications v. Tex. Eastman Co., 955 S.W.2d 269, 270
(Tex. 1997). In this case, the parties do not dispute that the first three criteria have been met. 
The disputed issue is whether there is trial court error on the face of the record.

 We review the granting of a motion to withdraw for an abuse of discretion. Gillie v.
Boulas, 65 S.W.3d 219, 221 (Tex.App.--Dallas 2001, pet. denied). A court abuses its discretion
by granting a motion to withdraw that fails to satisfy the requirements of Rule 10 of the Texas
Code of Civil procedure. Id.

 An attorney may withdraw from representation of a client upon written motion for good
cause. Tex.R.Civ.P. 10; see Rogers. v. Clinton, 794 S.W.2d 9, 10 n.1 (Tex. 1990). If no counsel
is substituting for the withdrawing attorney, counsel's motion must state, "that a copy of the
motion has been delivered to the party; that the party has been notified in writing of his right to
object to the motion; whether the party consents to the motion; the party's last known address
and all pending settings and deadlines." Tex.R.Civ.P. 10.

 The amended motion to withdraw states that a written copy was delivered to ISS by both
certified and regular mail. The motion states that ISS was notified of its right to object to the
withdrawal, and includes a letter addressed to ISS dated August 17, 2007, in which the attorneys
informed the client of their intent to withdraw, and advised ISS of its right to object to the
motion. The motion also represented to the trial court that the attorneys had conferred with the
President of ISS, and that he had consented to the withdrawal on the company's behalf. ISS's
last known address is stated in the body of the motion, and the motion clearly states that there
was a trial setting scheduled for September 11, 2007. There is no record that ISS exercised its
right to object, nor did ISS file a motion for continuance. We conclude that the amended motion
to withdraw satisfied the requirements of Rule 10.

 However, ISS also argues the trial court abused its discretion by granting the motion
because the motion failed to comply with certain aspects of Dallas Local Rule 4.02, and because
the motion failed to list a discovery dispute hearing scheduled to take place the same day as trial. 
We are not persuaded that either of these grounds renders the trial court's ruling an abuse of
discretion. As ISS points out, Dallas Local Rule 4.02 by its own language is intended to act
merely as a supplement to the requirements of Rule 10. While the trial court may well have been
within its discretion to deny the motion on the basis that it violated the local rule, it did not abuse
its discretion by granting a motion which was otherwise in compliance with Rule 10.

 With regard to ISS's final argument, again we conclude the trial court was within its
discretion to grant the motion despite its failure to specify the fact that a discovery hearing was
also scheduled to take place on the day of trial. There is no question, based on the record before
us, that ISS had notice that its representatives needed to be in court on September 11, 2007. The
setting had been scheduled by the parties' Rule 11 agreement, the trial setting was entered in the
record by the trial court's order, and ISS was notified by its attorneys as part of the withdrawal
process. ISS did not object, attempt to object, or move for a continuance prior to trial. The trial
court did not abuse its discretion by granting the amended motion to withdraw. Accordingly,
there is no error on the face of the record, and we overrule Appellant's issue. 

 We affirm the trial court's judgment.




June 30, 2009

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Rivera, JJ.
1. Avago Technology was a subdivision of Agilent Technologies, Inc. until 2005. Agilent
Technologies, Inc. is not a party to this appeal.
2. Mr. Bell did not appeal the judgment and is not a party here.