

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00263-CV

_____

GADBERRY CONSTRUCTION COMPANY, INC., Appellant

V.

ROBERT RANEY D/B/A STAMPED CONCRETE, Appellee

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-291001-17

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

In two issues, Gadberry Construction Company, Inc. challenges the trial court's order granting its prior counsel's withdrawal motion and denying its continuance motion seeking to reopen discovery and to postpone an upcoming summary-judgment hearing and bench trial. We will affirm.

## Background

This case arises from Gadberry's alleged failure to pay Robert Raney d/b/a Stamped Concrete for work Raney did on a commercial-construction project. In March 2017, Raney sued Gadberry for breach of contract, quantum meruit, promissory estoppel, and theft of service. Gadberry counterclaimed for breach of contract and for violations of the Texas Deceptive Trade Practices Act.

On April 2, 2018, Raney moved for no-evidence summary judgment on Gadberry's counterclaims and set the motion for hearing on April 27. *See* Tex. R. Civ. P. 166a(i). Thus, Gadberry's summary-judgment response would have been due on April 20. *See* Tex. R. Civ. P. 166a(c).

On April 11, 2018, Gadberry's counsel moved to withdraw because she was "unable effectively to communicate with Gadberry in a manner consistent with good attorney-client relations" and because Gadberry had not paid the additional retainer that she had requested. Neither Gadberry nor Raney opposed the motion. As the only pending settings and deadlines, the motion listed Gadberry's corporate representative's upcoming deposition scheduled for April 18 and a May 21 trial

setting; it did not list the summary-judgment-response deadline or the summary-judgment-hearing setting. *See* Tex. R. Civ. P. 10 (requiring a withdrawal motion filed without designating a substitute attorney to state, among other things, all pending settings and deadlines). The trial court granted the motion on April 13.

Gadberry hired new counsel four days later on April 17, 2018, and Raney agreed to postpone Gadberry's corporate representative's deposition to April 19. Even though Gadberry had retained counsel, it did not file a response to the summary-judgment motion on April 20. Instead, on April 23, it moved to continue the summary-judgment hearing, to extend its deadline to respond to the motion, to reopen discovery, and to continue the trial setting. The trial court heard Gadberry's continuance motion and Raney's summary-judgment motion on April 27. The trial court denied the continuance motion and granted the summary-judgment motion, ordering that Gadberry take nothing on its counterclaims.

After a day-long bench trial on May 22, the trial court rendered judgment for Raney against Gadberry for $15,371.35, plus trial and conditional appellate attorney's fees. Gadberry has appealed.

### The Motion to Withdraw

In two issues, Gadberry complains that the trial court erred by granting a noncompliant withdrawal motion and that such error was rendered harmful when the trial court refused to grant Gadberry a continuance to allow its new counsel time to investigate the case and to prepare for trial.

An attorney may withdraw from representing a client only if the attorney satisfies civil-procedure rule 10's requirements. *Rogers v. Clinton*, 794 S.W.2d 9, 10 n.1 (Tex. 1990). Rule 10 permits counsel to withdraw only upon written motion showing good cause. Tex. R. Civ. P. 10. When, as here, another attorney is not substituting for the withdrawing attorney, the withdrawal motion must state

> that a copy of the motion has been delivered to the party; that the party has been notified in writing of his right to object to the motion; whether the party consents to the motion; the party's last known address and *all pending settings and deadlines*.

*Id.* (emphasis added). A trial court abuses its discretion by granting a withdrawal motion that does not comply with rule 10's mandatory requirements. *Gillie v. Boulas*, 65 S.W.3d 219, 221 (Tex. App.—Dallas 2001, pet. denied); *Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 114 (Tex. App.—Waco 1999, no pet.). But "such error may be harmless if the [trial] court allows the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial." *Anoco Marine Indus., Inc. v. Patton Prod. Corp.*, No. 2-08-073-CV, 2008 WL 4052927, at *2 (Tex. App.—Fort Worth Aug. 29, 2008, no pet.) (per curiam) (mem. op.).

As Raney points out, Gadberry is challenging the order granting its former counsel's withdrawal motion for the first time on appeal. On appeal, Gadberry complains that the withdrawal motion did not comply with rule 10 because it did not list all pending settings and deadlines, namely Gadberry's deadline to respond to Raney's no-evidence summary-judgment motion and the date of the summary-

4

judgment hearing. But Gadberry did not raise these complaints in the trial court. Accordingly, Gadberry has not preserved these complaints for our review, and thus error, if any, has been waived. *See* Tex. R. App. P. 33.1(a); *In re A.W.L.*, No. 05-16-00916-CV, 2018 WL 446421, at *6 (Tex. App.—Dallas Jan. 17, 2018, no pet.) (mem. op.) (holding appellant waived complaint that trial court violated his due-process rights by granting his first attorney's "facially-deficient motion" because he did not raise complaint regarding the withdrawal in the trial court); *In re A.T.*, No. 05-16-00539-CV, 2017 WL 2351084, at *6–7 (Tex. App.—Dallas May 31, 2017, no pet.) (mem. op.) (holding appellant failed to preserve complaint that "substantively defective" withdrawal motion did not comply with rule 10's requirements by not presenting the complaint to the trial court); *Guerrero v. Mem'l Turkey Creek, Ltd.*, No. 01-09-00237-CV, 2011 WL 3820841, at *4 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (mem. op.) (concluding that appellant waived challenge to trial court's granting counsel's withdrawal motion by failing to raise complaint in the trial court); *O'Kane v. Chuoke*, No. 01-05-00523-CV, 2007 WL 926494, at *2 (Tex. App.—Houston [1st Dist.] Mar. 29, 2007, no pet.) (mem. op.) (concluding that failure to state pending settings or deadlines in withdrawal motion may violate a client's due-process rights, but concluding that any such error was not fundamental and that party's failure to object to withdrawal motion in the trial court waived error).

5

Because Gadberry failed to preserve error regarding the trial court's alleged error in granting the withdrawal motion despite its claimed deficiencies, we overrule Gadberry's first issue and the part of its second that is based on this alleged error.

**Gadberry's Continuance Motion**

Because the statement of an issue is treated as covering every subsidiary question that is fairly included, we broadly construe Gadberry's argument in its second issue as including a challenge to the trial court's order denying Gadberry's continuance motion that is independent from the trial court's claimed error in granting the allegedly deficient withdrawal motion. *See* Tex. R. App. P. 38.1(f), (i). In his second issue, Gadberry argues that the trial court's denial of its continuance motion deprived its new attorneys of adequate time to investigate the case and to prepare for the summary-judgment hearing and the trial.

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

Here, Gadberry consented to its former counsel's withdrawal and secured new counsel within days. Rather than attempting to respond to Raney's no-evidence summary-judgment motion on its counterclaims, Gadberry moved to reopen discovery and to continue the summary-judgment hearing and the trial, claiming that

6

it needed additional time to "discover and marshal" evidence in support of its counterclaims and to seek further discovery from Raney and from nonparties because its former counsel had failed to do so. *See* Tex. R. Civ. P. 251, 252, 166a(g).

A trial court may order a continuance of a summary-judgment hearing if it appears "from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition." *See* Tex. R. Civ. P. 166a(g). A motion for continuance asking to continue a summary-judgment hearing or a trial to allow more time for discovery must be supported by an affidavit describing the evidence sought, explaining its materiality, and showing that the party requesting the continuance has used due diligence to obtain the evidence. Tex. R. Civ. P. 251, 252; *see Landers v. State Farm Lloyds*, 257 S.W.3d 740, 747 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (op. on reh'g); *Pape v. Guadalupe-Blanco River Auth.*, 48 S.W.3d 908, 914 (Tex. App.—Austin 2001, pet. denied); *see also Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) ("When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance."). A litigant who fails to diligently use the rules of civil procedure for discovery purposes is not entitled to a continuance. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988); *D.R. Horton-Tex., Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 223 (Tex. App.—Fort Worth 2013, no pet.). In deciding whether a trial court abused its discretion by denying a motion for continuance seeking additional

time to conduct discovery, we consider such factors as the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004).

At the time Gadberry moved for a continuance, Raney's claims had been pending for over a year, and Gadberry's counterclaims had been pending for ten months. Gadberry's motion and a supporting affidavit from its chief executive officer stated that Gadberry needed more time (1) to "discover and marshal evidence" supporting its counterclaims, (2) to locate documents related to its counterclaims, (3) to calculate and articulate its damage model, (4) to secure testimony from subcontractors to defend against Raney's claims, (5) to marshal "documents from its own files," and (6) to seek supplemental discovery from Raney. But Gadberry failed to describe with any specificity the evidence it needed or to explain exactly how such evidence would be material to its defense. Gadberry also failed so show that it had used due diligence to obtain additional discovery from third parties and supplemental discovery from Raney. Gadberry did not explain its failure to conduct discovery and pursue its own claims other than stating that it had relied on its former counsel to handle the case. Based on these facts, we conclude that the trial court did not abuse its discretion by denying Gadberry's continuance motion. *See* Tex. R. Civ. P. 166a(g), 251, 252; *Joe*, 145 S.W.3d at 161. We overrule the remainder of Gadberry's second issue.

## Conclusion

Having overruled both of Gadberry's issues, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: July 18, 2019