COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| RICARDO CESAR LUNA and RMS MACHINE SHOP, LLC, | § | No. 08-23-00107-CV |
| | § | |
| Appellants, | § | Appeal from the |
| | § | County Court at Law No. 10 |
| v. | § | |
| | § | of Bexar County, Texas |
| MICHAEL ROBINSON, | § | |
| | § | (TC#2022CV05457) |
| Appellee. | § | |

## MEMORANDUM OPINION

Before the Court is Appellee's motion to dismiss for want of jurisdiction.[1] In the motion, Appellee argues that Appellants' notice of appeal, filed March 16, 2023, is untimely. We agree and dismiss the appeal.

## BACKGROUND

This case arises from a no answer default judgment taken in a breach of contract, Deceptive Trade Practices Act, and fraud lawsuit. The gist of the complaint alleges that Appellee

---

[1] This case was transferred from the Fourth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* TEX. R. APP. P. 41.3.

Michael Robinson took his vehicle into Appellants' repair shop after he was told that he needed to replace the engine. Appellants represented that they would obtain a new engine from a company named "Jasper" and when received, they would install the new engine. The suit then alleges that when the vehicle was eventually returned, the engine in the vehicle was not new. Rather, someone spraypainted an older motor to make it appear as new. And Jasper denied having a record of ever providing a new engine for Robinson's vehicle. The suit further alleges that the engine that Appellants installed had several problems.

Both Appellants were served with Robinson's lawsuit but failed to timely answer. Robinson then moved for a default judgment supported by an affidavit outlining his economic damages and his attorney's affidavit on attorney's fees. On January 13, 2023, the trial court signed a default judgment that awarded Robinson actual damages of $22,827.97, additional damages of $68,483.91 under the DTPA, and attorney fees of $6,330. The trial court also awarded contingent attorney's fees if Appellants did not succeed on appeal.

On February 7, 2023, Appellants filed a Motion to Set Aside Default Judgment that stated no grounds other than Appellants were unrepresented at the time of entry of the default judgment. That motion was set for hearing on February 16, 2023. But on the day of the hearing, Appellants filed a pleading titled "Withdrawal of Motion to Set Aside" that stated they were "withdraw[ing] their motion to set aside [the] default judgment." Several hours later, they filed a "First Amended Motion to Set Aside Default Judgment and Motion for New Trial." That motion alleged: (1) the failure to file an answer was due to accident or mistake (without explaining why); (2) Appellants have a meritorious defense; and (3) that under TEX. R. CIV. P. 320, the damages awarded are "manifestly too large."

2

Our record contains a signed order dated on February 16, 2023 that overrules Appellants' Motion to Set Aside Default Judgment. In a subsequent hearing, however, Appellants' counsel emphatically argued that the order overruling the first motion to set aside was signed *after* that motion had been withdrawn, and the trial court lacked any authority to rule on the motion. Appellants' counsel explained that withdrawing the original motion was like a notice of nonsuit and that Appellants' withdrew the motion as a "trial strategy" to remove that motion before it could be ruled on.[2] Our record does not contain a ruling on the "First Amended Motion to Set Aside Default Judgment and Motion for New Trial," but Appellants later filed a "Motion to Reconsider" the "above styled case" which the trial court denied on March 15, 2023.

The case was then appealed to the Fourth Court of Appeals that transferred the appeal to this Court. Before our Court, Appellee moved to dismiss the appeal, contending that the notice of appeal was filed late. The core tenet of that motion argues that when the timely filed motion to set aside was withdrawn, the time for filing a notice of appeal reverted to 30 days following judgment, and not 90 days as when a motion for new trial is timely filed. The notice of appeal here was filed on March 16, 2023, some 59 days after the judgment was signed.

## DISCUSSION

A party perfects a civil appeal by timely filing a notice of appeal within 30 days after a final judgment is signed. TEX. R. APP. P. 26.1. A timely post-trial motion, such as a motion for

---

[2] Appellants' counsel argued at that hearing:

> But it is trial strategy and -- and you're allowed to do it. And what it says is if it -- if -- if the withdrawal of the claims leaves nothing before the Court, then the Court has no power. So because the only claims before the Court at the last hearing were mine and I withdrew them, that effectuates a nonsuit because there are no live claims before the Court.

The trial court then astutely asked: "If you withdraw your claims -- if you withdraw your motion for new trial, what does that do to the plenary power of the Court? You no longer have the -- I no longer have the power to rule on it if you've withdrawn it . . . because essentially the judgment is final[.]"

new trial, extends the timeline for perfecting an appeal to 90 days after the judgment is signed. TEX. R. APP. P. 26.1(a)(1). A motion for new trial is timely filed within 30 days of the date the judgment is signed. TEX. R. CIV. P. 329b(a). Applying these rules, Appellants filed on February 6, 2023, a motion to set aside the January 13, 2023 default judgment. That motion was timely filed and would have extended the time to file a notice of appeal to the 90th day after the judgment was signed (April 13, 2023). The notice of appeal was filed on March 16, 2023.

Appellee's Motion to Dismiss, however, turns on a procedural quirk in the proceedings. On February 16, 2023, Appellants *withdrew* their timely filed motion to set aside the default. Later that same day, Appellants filed an amended motion to set aside the default judgment and motion for new trial. But here is the problem: "If a party withdraws a motion for new trial, the period of time for the trial court's plenary power reverts back to thirty days from the date the judgment is signed." *In re Dilley Indep. Sch. Dist.*, 23 S.W.3d 189, 190 (Tex. App.—San Antonio 2000, no pet.) (orig. proceeding), *abrogated on other grounds by In re Schmitz*, 285 S.W.3d 451 (Tex. 2009). That was exactly the situation in *Dilley*—a party withdrew a timely filed motion for new trial and then asked the trial court to amend the judgment, which the trial court did. The San Antonio Court of Appeals, however, issued mandamus setting aside the amendment because once the party withdrew the motion for new trial, the trial court lost jurisdiction to act after the 30th day. The *Dilley* court reasoned: "[t]he withdrawal of a motion for new trial is treated like a notice of nonsuit. It does not have to be approved or granted by the trial court; the withdrawal is effective immediately." *Id.*[3] Appellants made the same argument to the trial court here, claiming

---

[3] *In re Dilley* relies on an earlier Texas Supreme Court opinion, *Rogers v. Clinton*, 794 S.W.2d 9 (Tex. 1990). *Rogers* reached the same conclusion—once a party withdraws a timely filed motion for new trial, the trial court loses jurisdiction to alter the judgment after the 30th day following the signing of the judgment. *Id*. at 11. While there was a spirited four justice dissent in *Rogers*, we note that two of our sister courts of appeals have endorsed the rule stated in *In re Dilley*. *See Cummings v. Billman*, 634 S.W.3d 163, 168 (Tex. App.—Fort Worth 2021, no pet.); *Galbraith v.*

their withdrawal of the original motion to set aside the default judgment acted just like a notice of nonsuit.

Appellants do not address the *Dilley* argument, or the effect of the withdrawal of their timely filed motion to set aside the default judgment. They make no claim that the timing requirements for a notice of appeal can be divorced from the timing of a trial court's plenary power. Instead, Appellants' response urges that Texas Rule of Civil Procedure 306a(4) alters the appellate timeline. That rule extends the start date for the post-judgment timetables *if* a party does not receive the official notice or does not acquire actual knowledge of the judgment within 20 days of the judgment. TEX. R. CIV. P. 306a(4). But Appellants' First Amended Motion to Set Aside Default Judgment and Motion for New Trial concedes that Appellants received notice of the judgment on January 23, 2023, a date within 20 days of the date of the judgment. Accordingly, Texas Rule of Civil Procedure 306a(4) is simply inapplicable for determining the appellate timelines. Nor do we find persuasive Appellants' claims that the trial court orders denying either their original or first amended motions to set aside the default are final appealable orders. By the time the trial court signed those orders, it had lost jurisdiction to do anything in the case.

We acknowledge that when possible appellate courts should decide cases based on the merits and not procedural defaults. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ("[D]isposing of appeals for harmless procedural defects is disfavored."); *Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex. 1997) ("[A]ppellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal."). But the absence of a timely notice of appeal presents a jurisdictional defect. *See*

---

*Williams Companies, Inc.*, No. 01-15-01084-CV, 2017 WL 2872306, at *7 (Tex. App.—Houston [1st Dist.] July 6, 2017, pet. denied). And of course, we are bound to follow the precedent of the Fourth Court of Appeals in this transferred action even if it conflicted with our own. *See* TEX. R. APP. P. 41.3.

TEX. R. APP. P. 25.1(b); *Verburgt*, 959 S.W.2d at 617. And nor is it lost on us that Appellants' brief on the merits, which has already been filed, only complains of the trial court's rulings on the post-default motions—one that Appellants withdrew and one that we consider as having been filed late and for which the trial court had no authority to decide.[4]

Here, the trial court's judgment was signed January 13, 2023. Because no timely post-trial motion (that was not withdrawn) extended the plenary power of the trial court, the deadline to file the notice of appeal was February 12, 2023. TEX. R. APP. P. 26.1. Appellants' first amended motion, filed on February 16, 2023, after the original motion was withdrawn, was untimely and did not extend the trial court's plenary power or appellate timetable. TEX. R. CIV. P. 329b(a).

We conclude that Appellants failed to perfect their appeal because the notice of appeal, filed March 16, 2023, was filed outside the applicable time limits. We dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 26.1, 42.3(a), (c), 43.2(f).

JEFF ALLEY, Chief Justice

December 28, 2023

Before Alley, C.J., Palafox, and Soto, JJ.

---

[4] Appellants raise two issues in their merits brief that assert (1) the trial court abused its discretion in resolving a *Craddock v. Sunshine Bus* argument; and (2) the damages were manifestly unjust. Both these claims were only made in the untimely Amended Motion to Set Aside Default Judgment and Motion for New Trial. Thus, any ruling by the trial court made outside its plenary power on that motion could not form the basis for a properly preserved issue on appeal.