

# NUMBER 13-24-00175-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE RICARDO HERNANDEZ AND JOEL HERNANDEZ

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

### Before Justices Benavides, Tijerina, and Silva
### Memorandum Opinion by Justice Tijerina[1]

By petition for writ of mandamus, relators Ricardo Hernandez and Joel Hernandez contend that the trial court erred by: (1) "reopening evidence and scheduling additional bench trial proceedings in the absence of plenary power"; and (2) "failing and/or refusing to set an appellate bond."

Mandamus is an extraordinary and discretionary remedy. *See In re Walker*, 683

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

S.W.3d 400, 402 (Tex. 2024) (orig. proceeding) (per curiam); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). However, if a trial court issues an order "beyond its jurisdiction," mandamus relief is appropriate because such an order is void ab initio. *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)); *see In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Rene Angel Hernandez, and the applicable law, is of the opinion that relators have not met their burden to obtain relief. First, in terms of plenary jurisdiction, relators withdrew their motion for new trial, as was their right, *see Rogers v. Clinton*, 794 S.W.2d 9, 11 (Tex. 1990) (orig. proceeding), *after* their motion for new trial had already been overruled as a matter of law, thus the trial court's plenary jurisdiction encompassed its rulings regarding the reopening of evidence. *See* TEX. R. CIV. P. 329b(c), (e).

Second, while we appreciate relators' efforts to obtain a ruling on their motion to set the amount required to supersede the judgment, the trial court's rulings reopening evidence and discovery may affect the trial court's ruling on the merits, the amount required to supersede the judgment, or both. We are confident that the trial court will act

2

promptly to resolve this matter when the record before it is complete. We note that to the extent that we are denying relief regarding relators' contentions regarding supersedeas, the denial is without prejudice with regard to the timing of that ruling or its merits. *See, e.g.*, TEX. R. APP. P. 24.4(a).

We lift the stay previously imposed in this case and we deny the petition for writ of mandamus.

JAIME TIJERINA
Justice

Delivered and filed on the
5th day of June, 2024.